```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
MICHEL GORAYEB,

                Plaintiff,
                                          ORDER
        v.
                                          19-CV-5589(KAM)(SJB)
RSG CONSTRUCTION CORP.,

                Defendant.
----------------------------------X
```

**KIYO A. MATSUMOTO, United States District Judge:**

The plaintiff, Michel Gorayeb ("Plaintiff"), initiated this breach of contract action on October 2, 2019 against RSG Construction Corporation ("Defendant"). On July 16, 2020, the parties filed a stipulation of dismissal after reaching a settlement, which the court so-ordered. (ECF No. 16, Stipulation of Dismissal.) The stipulation of dismissal provided that "the court shall retain jurisdiction as provided in the [parties'] Settlement Agreement." (*Id.*)

The settlement agreement provided that Defendant would pay Plaintiff a total of $145,000 pursuant to a monthly payment schedule. (ECF No. 18, First Motion for Judgment, Ex. 1, Settlement Agreement, at 1.) The settlement agreement further provided that "[i]n the event that [Defendant] shall default in payment of any installment due hereunder . . . then [Plaintiff]'s counsel may file the executed Affidavit of Confession of Judgment and such papers as are required by the

1

Clerk for the entry of judgment . . . without further notice to [Defendant] or [Defendant]'s counsel, and [Plaintiff] shall recover judgment against [Defendant] in the amount of $301,366.00, less any payments made" under the settlement agreement. (*Id.* at 1-2.) With the settlement agreement, the Defendant's owner, Navjit Singh, executed the affidavit of confession of judgment, which "confess[ed] judgment and authorize[d] entry thereof against Defendant for the sum of Three Hundred One Thousand Three Hundred Sixty-Six Dollars and Zero Cents ($301,366.00), less any payments made pursuant to the Settlement Agreement . . . ." (*Id.*, Ex. A, ¶ 4.)

On January 13, 2021, Plaintiff moved for the entry of judgment by confession against Defendant, after Defendant failed to make two payments totaling $27,000 that were due on December 10, 2020 and January 10, 2021, respectively, pursuant to the terms of the parties' settlement agreement. (*See* First Motion for Judgment.) The court ordered Defendant to respond to the motion, and on January 19, 2021, Defendant filed a response, stating that it would "immediately" pay the outstanding amount owed, "reimburse[]" Plaintiff's counsel "for the attorneys fees attributable" to brining the motion, and noting that "this ought to be the one and only time defendant should receive relief from the stipulation." (ECF No. 22, Response to Motion.) In light of Defendant's representations, the parties jointly agreed on a

2

revised payment schedule, and Plaintiff agreed to withdraw the first motion for judgment by confession.  (ECF No. 23, Joint Letter.)  The court directed that if Defendant were to "default on its obligations in the future, Plaintiff may immediately re-file its motion" for entry of judgment by confession.  (ECF Dkt. Order Jan. 22, 2021.)

On February 12, 2021, Plaintiff filed a second motion for judgment by confession, advising the court that Defendant failed to make a payment of $26,000 that was due on February 10, 2021.  Defendant has not filed a response to the second motion for judgment by confession.

New York law provides that "a judgment by confession may be entered, without an action, either for money due or to become due, or to secure the plaintiff against a contingent liability in behalf of the defendant, or both, upon an affidavit executed by the defendant[.]"  N.Y. C.P.L.R. 3218(a); *see Xerox Corp. v. W. Coast Litho, Inc.*, 251 F. Supp. 3d 534, 538 (W.D.N.Y. 2017) ("[a] federal court has the power and authority to enter a judgment pursuant to a confession of judgment as long as subject-matter jurisdiction exists and the confession of judgment was voluntarily, knowingly and intelligently made") (collecting cases).

Here, the requirements of New York law authorizing judgment by confession are met, because Defendant executed an

3

affidavit authorizing judgment by confession in a specific amount, to be entered upon its default.  This court has subject matter jurisdiction over the settlement, as Plaintiff (a resident of New Jersey) and Defendant (a corporation with its principal place of business in Queens Village, New York) are citizens of different states, and the amount in controversy exceeds $75,000.  Defendant never argued that its affidavit was not made knowingly and voluntarily; rather, in response to Plaintiff's first motion, Defendant conceded that if the court excused its default, that should be the "one and only time" Defendant was excused.

Accordingly, Plaintiff's second motion for judgment by confession is GRANTED.  By February 19, 2021, Plaintiff shall file a letter indicating 1) whether any further payments have been received from Defendant, and 2) the amount of attorney fees Plaintiff seeks to recover in connection with its second motion for judgment by confession (supported by the attorneys' contemporaneous time entries).

**SO ORDERED.**

Dated:   Brooklyn, New York
         February 17, 2021

                                       /s/
                                    Hon. Kiyo A. Matsumoto
                                    United States District Judge

4